**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

COSME ORTEGA RODRIGUEZ,

         Petitioner,

    v.

FERETI SEMAIA, et al.

        Respondents.

No. 5:26-cv-1663-DSR

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AS MOOT**

**1.      INTRODUCTION AND PROCEEDURAL HISTORY**

On April 6, 2026, Cosme Ortega Rodriguez ("Petitioner"), a noncitizen who has been detained in Immigration and Customs Enforcement ("ICE") custody since on or about January 29, 2026, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his continued detention without a bond hearing pursuant to 8 U.S.C. § 1226(a).  See Doc. No. 1.  The Petition names as Respondents the Warden of the Adelanto ICE detention facility where Petitioner is detained, the Director of the Los Angeles Field Office of Immigration and Customs Enforcement ("ICE"), the Secretary of Homeland Security, and the United States Attorney General (collectively "Respondents").  Concurrently with filing the Petition, Petitioner also voluntarily consented under 28 U.S.C. § 636 to have the undersigned Magistrate Judge conduct all further proceedings in this case,

including trial and the entry of judgment.  See Doc. No. 3.  The case became fully consented three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases.  See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 7.

Also on April 6th, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order.  See Doc. No. 5.  Pursuant to the terms of that Order, Respondents were required to answer the Petition within seven days, i.e., by April 13, 2026.  Id.  Because Petitioner is represented by counsel in this matter, any Reply was then due three calendar days after the filing of the Answer.  Id.

Three days after filing the Petition, on April 9, 2026, Petitioner filed an Ex Parte Application for Temporary Restraining Order ("TRO Application").  Doc. No. 6.  On April 10, 2026, the Court set a briefing schedule on the TRO Application.  See Doc. No. 7.  Because of the expedited briefing schedule on the Petition under General Order 26-05, the delay in filing the TRO Application, and the intervening weekend, the response to the TRO Application was due the same day as the Answer to the Petition – Monday, April 13, 2026.  Id.  Plaintiff was given until Wednesday, April 15th, to file a Reply in support of the TRO Application.  Id.

On April 13, 2026, Respondents filed their Response to the TRO Application.  See Doc. No. 9.  They did not answer the Petition until April 16th, however.  See Doc. No. 11.  The Answer to the Petition is identical to the Response to the TRO Application.  Cf. Doc Nos. 9 and 11.  Petitioner filed separate Replies to both the TRO Application and the Answer on April 17th.  See Doc. Nos. 12, 13.  Except for an acknowledgement that the Reply in support of the TRO Application was untimely due to unexpected illness, the Replies are identical.  Id.  The Court has read and considered all papers filed by each side, regardless of their timeliness.

Because the Petition is now fully briefed, the Court will proceed directly to the merits of the Petition itself.  Interim injunctive relief in the form of a Temporary

Restraining Order is therefore unnecessary, and Petitioner's Ex Parte Application for a TRO is therefore DENIED as moot.

**2.      BACKGROUND**

**a.      Factual Background**

According to the uncontroverted allegations in the Petition, Petitioner Cosme Ortega Rodriguez is a 39-year-old father, brother, uncle, and involved member of his community.[1]  Pet. at ¶24.  Petitioner is a Mexican national who entered the United States in January 2004 without inspection.  Id.  Since residing in the United States, Petitioner has worked in the tile and stone industry as a craftsman and is a provider for his family.  Id. at ¶ 25.  He has no criminal history.  Id.

On January 29, 2026, Petitioner was detained by immigration officers, either in Van Nuys or Orange, California.  Id. at ¶¶ 3, 26, 74, 105.  The officers did not identify themselves or present a judicial warrant when detaining Petitioner.  Id. at ¶ 26.  Petitioner was then transported to the Adelanto ICE Processing Center, where he remains detained today.  Id. at ¶ 3.  The Department of Homeland Security ("DHS") formally initiated removal proceedings by serving Petitioner with a Notice to Appear and charging him under Section 240 of the Immigration and Nationality Act ("INA") as an individual present without admission or parole.  Id. at ¶ 27.  DHS requested that Petitioner appear before the Adelanto Immigration Court for master calendar hearing on April 2, 2026.  Id.  DHS has treated Petitioner

---

[1]   The Court notes that there are factual discrepancies within the Petition.  For example, in addition to alleging at paragraph 24 that Petitioner is 39 years old, the Petition elsewhere alleges at that he is "a 64-year-old man."  Pet. at ¶ 60.  Also, the Petition alleges both that Petitioner was detained while "working at a construction site located in Van Nuys," Pet. at ¶ 26, and that he was "arrested at his residence in Orange . . . ."  Pet. at ¶ 74.  Ultimately, however, these discrepancies are not material to the Court's analysis, as it is undisputed that Petitioner was arrested far into the interior, long after entering without inspection, and that he therefore is a member of the Maldonado Bautista class as discussed below.

as an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b), and Petitioner therefore has not received a bond hearing under 8 U.S.C. § 1226.  Id. at ¶¶ 4, 72.

**b.     Claims and Relief Sought**

The Petition asserts three claims for relief, arguing that Petitioner's detention without a bond hearing violates the INA and the Administrative Procedure Act ("APA"), as well as the Due Process Clause of the Fifth Amendment. See Pet. at pp. 20, 22, 24.  Petitioner asserts that because he is a long-time resident arrested in the interior of the United States, and not "an alien seeking admission into the country" at a port of entry or border, his detention is governed by Section 1226(a)'s discretionary-release framework, not the mandatory-detention provisions of Section 1225.  See Pet. at ¶¶ 30, 36.  Petitioner therefore seeks a Writ of Habeas Corpus requiring Respondents to release him immediately or, alternatively, to provide him with a custody redetermination and bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days.  Id. at ¶ 110.  Petitioner also seeks declaratory relief and fees under the Equal Access to Justice Act.  Id.

**c.     Respondents' Response to the Petition**

In their Answer to the Petition, Respondents do not attempt to justify their detention of Petitioner without a bond hearing.  See Generally Doc. No. 11.  They acknowledge that (1) Petitioner appears to be a member of the "Bond Eligible Class" certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-1873-SSS-BFM, and (2) his claim in this action appears to be subject to the Bautista Judgment, the Order enforcing the same, and to any applicable appellate proceedings relating to it. Id.  Respondents thus admit that Petitioner is entitled to a writ ordering a bond hearing, though they dispute (without expressly stating why) that he is entitled to an Order compelling immediate release.  See Answer (Doc. No. 11) at 2:21-3:4. Respondents are silent in their Answer as to whom should bear the burden at the

bond hearing, stating only that the hearing should be ordered to occur within seven days. Id.

### 3.  LEGAL STANDARD

Habeas relief extends to those who can show they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Although Congress has barred courts from reviewing certain discretionary decisions concerning detention or release of noncitizens subject to removal proceedings, see 8 U.S.C. §§ 1226(e), 1252(g), federal courts retain jurisdiction to "review related 'constitutional claims or questions of law.'"  Martinez v. Clark, 36 F.4th 1219, 1224 (9th Cir. 2022) (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)), vacated on other grounds by ___ U.S. ___, 144 S. Ct. 1339, 218 L.Ed.2d 418 (2024).  A habeas petition filed by someone in immigration custody seeking an individualized bond hearing "falls within the 'core of habeas.'"  Doe v. Garland, 109 F.4th 1188, 1194 (9th Cir. 2024).

### 4.  DISCUSSION

#### a.  The Exhaustion Requirement

As an initial matter, habeas petitioners seeking relief under 28 U.S.C. § 2241 generally must first exhaust all available administrative remedies.  See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  However, because this requirement is "prudential" and not a "jurisdictional prerequisite," it is subject to waiver.  Id. at 1045-46; Arango Marquez v. INS, 346 F.3d 892, 897 (9th Cir. 2003) ("[T]he district court properly waived exhaustion, because the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional.").

Here, Petitioner alleges in the Petition that exhaustion would be futile.  See Pet. at ¶¶ 62-70.  Respondents do not raise the issue of exhaustion in their Answer.  See generally Doc. No. 11.  Thus, the Court finds that any failure by Petitioner to exhaust administrative remedies in this matter is not a bar to this Petition.  The Court therefore proceeds to consider the merits of the Petition.

**b.    Petitioner is Entitled to a Bond Hearing**

Petitioner argues that his continued detention by ICE without a bond hearing is a violation of his statutory right to a bond hearing under 8 U.S.C. § 1226(a), his due process rights under the Fifth Amendment, and also violates the APA.  Pet. at ¶¶ 72, 83, 101-104.

The core issue in this case is whether Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) or discretionary under 8 U.S.C. § 1226(a).  The key difference is that Section 1226(a) provides the discretion to release detainees on bail or conditional parole, while Section 1225(b)(2) mandates detention throughout the completion of removal proceedings, so long as the noncitizen — "who is an applicant for admission" and "seeking admission" — is not deemed "clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A); see also Jennings v. Rodriguez, 583 U.S. 281, 302 (2018) ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of [noncitizens] throughout the completion of applicable proceedings.").

Petitioner contends that his detention should be governed by § 1226(a). Pet. at ¶ 36.  There has been much deliberation on the question of detention under § 1225(b)(2) versus 1226(a) in recent months.  "The vast majority of courts confronting this precise issue have rejected respondents' interpretation, and the BIA's interpretation in [Matter of Yajure] Hurtado, [29 I. & N. Dec. 216 (BIA 2025)] as contradictory to the plain text of § 1225."  Amaya v. Bondi, No. 25-16428, 2025 WL 3033880, at *2 (D.N.J. Oct. 30, 2025) (collecting cases); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498-508 (5th Cir. 2026) (reaching a different interpretation over a dissent).  This Court agrees with the "overwhelming majority" that Section 1226 governs Petitioner's situation.  Salgado v. Mattos, No. 25-01872, 2025 WL 3205356, at *2 (D. Nev. Nov. 17, 2025).

In Jennings, the Supreme Court stated that § 1225(b) "applies primarily to [noncitizens] seeking entry into the United States" whereas § 1226 "applies to

6

[noncitizens] already present in the United States."  583 U.S. at 288-89, 297, 303. Because Petitioner was a noncitizen "already present in the United States" when he was apprehended, Petitioner's detention is governed by § 1226, not § 1225.  Id. Considering the Supreme Court's prior distinction, the Court finds it unnecessary to engage in an extended independent reading of the provisions at issue.  See Yarleque v. Noem, No. 25-02836, 2025 WL 3043936, at *8 (C.D. Cal. Oct. 31, 2025) ("Given that this Court is bound by the Supreme Court decision in Jennings, the Court need go no further and need not independently determine whether this distinction is a proper reading of the statute.").

As indicated above, this Court's determination is in accord with numerous decisions of other courts who have analyzed the statutes at issue, discussed longstanding agency practice, found the BIA's new readings to be erroneous, and granted similar habeas petitions.  See, e.g., Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243, at *4 (E.D. Penn. Nov. 18, 2025) ("Once again, of the 288 district court decisions to address this issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here.").

More directly and importantly, however, Respondents have admitted in their Answer in this case both that Petitioner is a member of the certified class in Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS (BFM), and that Petitioner's claims are subject to that Judgment and the Order enforcing it.  See Doc. No. 11. "Ultimately, the final judgment entered in [Bautista] declared that class members 'are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)' and instead are 'entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination before an immigration judge' pursuant to 8 U.S.C. § 1226(a)."  Uriate v. Mullin, No. 5:26-cv-1474 MCS, 2026 WL 925724, *2 (C.D. Cal. Ap. 2, 2026) (citing Maldonado Bautista, 2025 WL 3678485, *1 (C.D. Cal. Dec. 18,2025)).

Since Respondents concede that Petitioner is a member of that class, he is entitled to the application of the Court's holding there that the applicable provision of the INA to his circumstance is Section 1226, not Section 1225, and he is therefore entitled to a bond hearing.[2]  Accordingly, the Court GRANTS the Petition for a Writ of Habeas Corpus on the ground that Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.

   **c.    A Bond Hearing, Not Immediate Release, is the Appropriate Remedy in this Case on this Record**

Petitioner argues that he is entitled to more than just a bond hearing, however; he argues he is entitled to immediate release from detention.  See Pet. at ¶ 110(a); Reply in Support of Pet. (Doc. No. 13) at ¶¶ 2-4.  Immediate release was not at issue in the Maldonado Bautista judgment; thus, Respondent's concession that Petitioner is a member of that class does not itself entitle Petitioner to immediate release.  Nor does Petitioner's statutory claim, as 8 U.S.C. § 1226 provides only for a bond hearing and discretionary release.

It is possible that Petitioner contends that he is entitled to immediate release based on his claim for violation of due process.  See Reply at ¶ 2 (noting that Respondents "do not respond to Petitioner's due process arguments, and do not oppose immediate release").  Petitioner's due process claim, however, is grounded in his statutory right to a bond determination hearing.  He argues that because his custody is governed by Section 1226, "due process requires an individualized custody determination evaluating whether continued detention is necessary."  Pet. at ¶ 83.  Petitioner then proceeds to argue the four-factor test for

---

[2]  Even if Respondents had not conceded the applicability of the Maldonado Bautista determination here, "[b]ecause Petitioner's Habeas Petition alleges facts that place [him] squarely within the definition of the Bond Eligible Class, the Court is compelled to find that [he] is entitled to the relief [he] has requested as well as what is guaranteed by Bautista's final judgment."  Sosa Inzuna v. Warden of Adelanto Det. Facility, 814 F. Supp. 3d 1091, 1095 (C.D. Cal. 2026).

due process under Mathews v. Eldridge, 424 U.S. 319 (1976).  Id.  In doing so, however, his focus remains on his interest in a bond hearing.  When discussing the risk of erroneous deprivation (the second prong of the Mathews analysis), Petitioner argues that the "risk of erroneous deprivation here is substantial because Petitioner has been denied any meaningful individualized custody determination."  Id. at ¶ 87 (emphasis added).  His argument on the third Mathews prong focusses on the government's countervailing interest in detaining him "without an individualized custody determination."  Id. at ¶¶ 92-94.  In discussing the fourth prong, Petitioner argues that "[b]alancing the Mathews factors confirms that Petitioner's continued detention without an individualized custody determination violates the Fifth Amendment."  Id. at ¶ 97.  Finally, Petitioner removes any doubt about his due process claim being based on the deprivation of a bond hearing required under Section 1226 when he concludes that by "categorically denying Petitioner access to the custody procedures required under § 1226(a), Respondents have deprived him of the constitutionally adequate process required before the government may continue civil confinement."  Id. at ¶ 98 (emphasis added).

Petitioner's due process claim is firmly based on deprivation of his statutory right to a bond hearing.  Petitioner does not allege or argue, and Respondents do not concede, any due process violation that would entitle Petitioner to an order of immediate release.  As such, Petitioner's due process claim does not independently justify immediate release.  The appropriate relief in this case on this record is to order Respondents to provide Petitioner the bond hearing that he is entitled to but presently is being unlawfully deprived of – not to order his immediate release.  A proper bond hearing will remedy the deprivation that has been shown in this case

not only on Petitioner's first claim for violation of the INA, but also his second claim for violation of the Due Process Clause of the Fifth Amendment.[3]

### d.   Burden at the Bond Hearing

Because the Court finds that Petitioner is entitled to an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a), it is necessary to discuss briefly what is required at that bond hearing so as to avoid any subsequent confusion in that proceeding, especially about who bears the burden there.  Petitioner asserts that "the Government bears the burden of proving, by clear and convincing evidence, that continued detention is necessary to prevent flight or protect the community and that no less restrictive conditions of supervision would reasonably satisfy the Government's legitimate interests."  Pet. at ¶ 110(b).  Despite this issue being raised directly in the Petition, and despite their concession that a bond hearing should be ordered, Respondents do not address in their Answer the issue of who bears the burden at such a hearing.

"Section 1226(a) is silent as to what burden of proof applies in bond hearings and who bears that burden."  Hernandez-Lara v. Lyons, 10 F.4th 19, 26 (1st Cir. 2021).  However, in the § 1226(a) custody hearing context, "the Ninth Circuit has held that the Constitution requires placing the burden of proof on the Government to show, by clear and convincing evidence, that detention is justified."  Al-Sadeai v.

---

[3]   Petitioner also pleads in his Petition a separate third claim under the APA. See Pet. at ¶¶ 101-109.  It is unclear how that claim differs from his first claim for relief, which he pleads under the INA and also the APA.  Compare Pet. at ¶ 78 ("The government's detention of Petitioner under § 1225(b)(2)(A) is also agency action that is 'not in accordance with law,' 'in excess of statutory jurisdiction,' and 'in excess of statutory authority' within the meaning of the [APA]") with ¶ 106 ("By applying § 1225(b)(2)(A) to Petitioner under these circumstances, Respondents have acted in excess of statutory jurisdiction and authority and have detained Petitioner without authorization under the governing immigration detention statutes.")  Neither Respondents in their Answer, nor Petitioner in his Reply, address this third claim for relief and how it may differ from the first two claims. Accordingly, the Court sees no basis to award any further relief on the basis of this third claim beyond what it has already determined to be appropriate on the first two claims.

U.S. Immigr. & Customs Enf't, 540 F. Supp. 3d 983, 989 (S.D. Cal. 2021) (citing Singh, 638 F.3d at 1200, 1205; see Martinez v. Clark, 124 F.4th at 785-86 ("[a]t the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community"); see also Al-Sadeai, 540 F. Supp. 3d at 990-91 (discussing Ninth Circuit precedent establishing the Government's burden and finding the Immigration Judge's placement of the burden of proof on detainee violated the Due Process Clause).

Placing such a burden on the Government is consistent with other recent District Court decisions within the Ninth Circuit.  See, e.g., Gonzalez v. Acting Warden of the Adelanto Detention Center, No. EDCV 26-1348-AS, 2026 WL 993190, at *2 (C.D. Cal. Apr. 13, 2026) ("At the bond hearing, 'the Government shall bear the burden of proving by clear and convincing evidence that [Petitioner's] continued detention is justified,'" citations omitted); Martinez v. Rios, No. 5:26-CV-00679-SSS-BFM, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026) ("[c]onsistent with Ninth Circuit precedent, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public."); see also Balwan v. Bondi, No. 2:26-CV-00248-LK, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the Government should bear the burden); Vazquez v. Mattos, et al., No. 2:26-CV-00262-RFB-BNW, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the Government to bear the burden) (citing Singh and Martinez v. Clark); Lima v. Wofford, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a). However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing Singh, 638 F.3d at 1203-06); Mendoza v. Noem, et al., No. 1:26-CV-00702-JLT-EPG-HC, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026)

11

(analyzing Ninth Circuit cases to find that the holding in <u>Singh</u> placing the burden on the Government should still be followed).  The Court agrees with these decisions.  Therefore, at the bond hearing, the Government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence.

**5.    CONCLUSION**

IT IS THEREFORE ORDERED that the Petition for Writ of Mandate (Doc. No. 1) is GRANTED.  Respondents are enjoined from continuing to detain Petitioner unless Petitioner is provided with an individualized bond hearing before an Immigration Judge within seven (7) days of the date of this Order.  At such bond hearing, "Respondents must provide Petitioner with a meaningful opportunity to be heard before a neutral arbiter, and the opportunity to be represented by counsel and to present evidence." <u>Gonzalez</u>, 2026 WL 993190 at * 2.  Moreover, "[c]onsistent with Ninth Circuit precedent, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public." <u>Martinez v. Rios</u>, 2026 WL 576010 at * 1, n. 1;

IT IS FURTHER ORDERED that Respondents shall release Petitioner from custody <u>if</u> Petitioner is not timely provided with the aforementioned hearing;

IT IS FURTHER ORDERED that Petitioner's <u>Ex Parte</u> Application for a Temporary Restraining Order (Doc. No. 6) is DENIED as moot;

IT IS FURTHER ORDERED that the parties shall file a Joint Status Report within ten (10) days of the date of this Order detailing if and when the hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for denial.

///
///
///
///
///
///

The Court will issue Judgment consistent with this Order.  Any fee petition must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and this Court's Local Rules.  The Court retains jurisdiction to adjudicate any collateral enforcement issues.

IT IS SO ORDERED.

DATED: April 21, 2026                  _____

                                                HON. DANIEL S. ROBERTS
                                        UNITED STATES MAGISTRATE JUDGE

13